(March 28, 2000)

■ REBEKAH MILNE et al., Respondents, v AHMED N. CHEEMA, Appellant. [706 NYS2d 84] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered on or about March 30, 1999, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Defendant's motion to dismiss the complaint should have been granted. Although defendant styled his motion as one pursuant to CPLR 3211 (a) (2), which can be made at any time, even after the commencement of trial (CPLR 3211 [e]; *see also, Holz v Rinacente Props.*, 197 AD2d 669), the motion court correctly perceived the motion for what it plainly was, a CPLR 3212 motion masquerading as one brought pursuant to CPLR 3211. Dismissal was sought on the grounds of failure to establish, *prima facie*, the serious injury threshold of Insurance Law § 5104 (a). The court's function on such a motion is to determine whether a question of fact exists on the issue or whether it can

be said, as a matter of law, that the threshold has not been met. We find, in the circumstances, that the court should not have applied the time limit of CPLR 3212 (a) without regard to the merits. Plaintiff had not opposed the motion, which was meritorious since the record clearly shows that plaintiff has failed to establish, *prima facie*, that she sustained the required serious injury (*see*, Insurance Law § 5104 [a]; *Licari v Elliott*, 57 NY2d 230). One of the goals of the no-fault system is to keep minor personal injury cases arising out of automobile accidents out of the courts (*Licari v Elliott, supra*). Concur—Sullivan, P. J., Rosenberger, Nardelli, Williams and Friedman, JJ.